The Honorable Paul R. Bosson Prosecuting Attorney 18th Judicial District East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This is in response to your request for an opinion on several questions concerning the Arkansas Constitution's prohibition against lotteries and the Arkansas statutes prohibiting "gambling" and "gaming" in the state. Specifically, you have asked: 1) whether there is any exemption for civic clubs, charitable, non-profit, fraternal or religious organizations; 2) whether it is a correct statement of the law to say that the Constitution prohibits only games of chance, and the statutes prohibit games which involve either skill or chance or both; 3) whether the "thing of value" which must be involved to constitute gambling must be put up by the contestants or whether the activity is unlawful if a third party supplies it; and 4) whether such contests as bass, tennis, and golf tournaments, as well as the Miss Arkansas pageant, are unlawful under the Arkansas gambling statutes.
We should note from the outset that the subject matter of your questions is the topic of pending litigation across the state.See State ex rel. Attorney General v. Razorback Room Inc., etal., Pulaski County Chancery No. 91-7596 (6th Div.); State exrel. Winston Bryant and Ron Fields v. Diversified EntertainmentCo., Inc., et al., and Sebastian County Chancery No. E-92-196II (2nd Div.).
The questions you have posed, at least as regards the constitutional lottery prohibition, may be implicated and resolved to some extent in the pending litigation. It is the staunch policy of this office, consonant with the separation of powers doctrine, to decline to opine upon matters which are the subject of pending litigation.
I have, however, in response to your questions, enclosed a copy of Op. Att'y Gen. 91-403, previously issued by this office, which addresses your first and second questions, and a copy of Op. Att'y Gen. 91-167, which should be of guidance in addressing your remaining questions.
Of course, questions of interpretation arising under the criminal statutes of this state should be resolved on a case-by-case basis through the exercise of your prosecutorial discretion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh Enclosures